ELIZABETH MOORHEAD *v.* DAVID DAYTON (Trustee), DANIEL McCORRISTON and HUGH McCORRISTON.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 18, 1895.　　　　　DECIDED JULY 11, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The testator had land upon Fort street, Honolulu, which he devised to a trustee, upon trust to "pay the rents, issues and profits received from that portion thereof upon which the Germania Market is now situate" to E. Moorhead for life.

The rents of another portion of said Fort street property, being that upon which the "Blacksmith Shop" is now situate, he devised to J. McCorriston so long as E. Moorhead shall live.

At the time of making the will the rest of said property on Fort street was occupied by the "Criterion Saloon," the rents of which were not specifically devised:

Held, the beneficiary, E. Moorhead, of the rents of the Germania Market is not entitled to the rents of the Criterion Saloon.

OPINION OF THE COURT BY JUDD, C.J.

This is a bill in Equity to enforce a trust, the prayer being that the Trustee "be required to pay and account to your Oratrix for all rents of said Criterion Saloon and enjoined from paying the same or any part thereof to the said residuary legatees or either of them during the lifetime of your Oratrix."

Circuit Judge Cooper heard the case upon the bill and answer and decreed that the plaintiff had no interest in the property known as the "Criterion Saloon."

Having heard the arguments of counsel on appeal and having carefully considered the pleadings, the will of the testator

creating the trust in question, and the opinion of Circuit Judge Cooper we hereby adopt the same both as respects the statement of the case and the rulings of law made. The opinion is as follows:

"This proceeding was heard on bill and answer and was brought for the purpose of enforcing a trust said to have been created by the will of the late John McColgan.

"The plaintiff claims that in addition to the use of the Judd street premises and the income derived from the Germania Market property on Fort street, she is also entitled to the rents accruing from the lease of the Criterion Saloon adjoining the Germania Market on the makai side.

"Briefly the provisions of the will are as follows: The payment of debts and several cash legacies out of the personal estate; the devise of all real estate situate on Judd and Fort streets to J. F. Morgan in trust; the Judd street premises to be for the use and occupation of Elizabeth Moorhead the plaintiff, for her life; the rents, income and profits from that portion of the Fort street premises upon which the Germania Market is now situated to the plaintiff; as to that portion of the Fort street premises upon which the blacksmith shop is situated the income to go to J. McCorriston so long as the plaintiff may live, and upon the plaintiff's decease the property to go to J. McCorriston or the heirs of her body and from and after the death of the plaintiff the trustee to sell and dispose of all the residue of the Fort street and Judd street premises and the proceeds to be distributed as directed by the will.

"As shown by the bill and answer, there were three separate buildings upon the Fort street property, viz: a blacksmith shop on the mauka portion, then the Germania Market, and the Criterion Saloon on the makai part.

"It is contended by the plaintiff that the Criterion Saloon cannot be treated as undevised property, to go under the residuary clause, and that the income derived from it cannot be treated as 'trust funds remaining in the hands of the trustee,' and that the testator treated the Fort street property in two

portions only, the income of the blacksmith shop to go to Jane McCorriston, and the income of the rest of the Fort street property, including both the Germania Market and Criterion Saloon, being 'the portion thereof on which the Germania Market is situated' as going to the plaintiff.

"There being in my opinion three separate and distinct properties on the Fort street estate, each capable of being distinguished by the use of a popular name, such as the Blacksmith Shop and Germania Market, if the testator had intended to make the disposition of the estate claimed by the plaintiff he could have so stated in his will.

"It does not seem necessary to determine who may be entitled to the income of the Criterion Saloon, so long as it appears certain that it is not the plaintiff, and upon this point I see no room for doubt. The only part of the estate in which the plaintiff is interested is that specifically given to her by the will, viz: the use of the Judd street property and the income from the Germania Market during her life, and in this sense the Germania Market is not to be considered as including the Criterion Saloon."

The testator McColgan put all his real property in trust: and made his half sister Elizabeth Moorhead (plaintiff) the recipient for life of the rents of the "Germania Market," using these words, "And as to the premises, situate on said Fort street, to pay the rents, issues and profits received from that portion thereof upon which the 'Germania Market' is now situate to my said half sister Elizabeth Moorhead for the term of her natural life."

We find it impossible to hold that the income from the Criterion Saloon property can be construed as passing to the beneficiary of the "Germania Market."

In the answer (which is to be taken as true), it is alleged "that all of these buildings (the Blacksmith Shop, the Germania Market and the Criterion Saloon), were occupied and used for different purposes, rented to different tenants and had no connection with each other,"—and "all three buildings and the

uses and purposes thereof being well known as distinct and unconnected with each other."

The fact that the rents of ·the "Criterion Saloon" are not specifically devised would not indicate to our mind that the testator intended them to be given to the plaintiff in addition to her other bequest.

It is sufficient to hold that the plaintiff is not entitled to them. Decree affirmed.

*A. S. Hartwell*, for plaintiff.

*Carter & Kinney*, for defendants.